http://www.va.gov/vetapp16/Files4/1634354.txt

Citation Nr: 1634354 
Decision Date: 08/31/16 Archive Date: 09/06/16

DOCKET NO. 10-32 592 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas

THE ISSUE

Entitlement to a certificate of eligibility for assistance in acquiring specially adapted housing, or for a grant for necessary special home adaptations.

REPRESENTATION

Appellant represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

Appellant

ATTORNEY FOR THE BOARD

R. E. Jones, Counsel

INTRODUCTION

The Veteran served on active duty from February 1973 to April 1981. 

This matter is before the Board of Veterans' Appeals (Board) on appeal from a May 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office in Waco Texas. 

The Veteran had a hearing before the undersigned Veterans Law Judge in May 2012. A transcript of this proceeding has been associated with the claims file.

The Veteran's claim was remanded by the Board in January 2013.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

The Veteran is seeking specially adapted housing or a special housing adaptation grant. He maintains that he qualifies for this benefit because of his service-connected bronchitis and degenerative joint disease. He asserts that he must use a wheelchair due to these service-connected disabilities. The Veteran has been granted service connection and a 100 percent rating for chronic bronchitis; a 30 percent rating for psoriasis vulgaris; a 20 percent rating for a cervical spine condition; a 10 percent rating for left knee medial collateral ligament tear with reconstruction; a 10 percent rating for left knee arthritis; and noncompensable (0 percent) ratings for bilateral hearing loss and hemorrhoids.

The Board remanded the Veteran's claim in January 2013 in order to provide the Veteran the current VA regulations for specially adapted housing and special home adaptation grants and to obtain a VA medical opinion. However, following the issuance of a July 2015 supplemental statement of the case, notices were received indicating that the Veteran was hospitalized at a VA facility for three days later in July 2015, and for a week in January 2016. These records of VA inpatient treatment have not been obtained and reviewed. They are potentially relevant to the Veteran's claim for specially adapted housing or a special housing adaptation grant. Accordingly, the Veteran's claim must be remanded in order that his medical records may be obtained and considered.

In June 2015, a VA medical examiner opined that the Veteran's limitation in mobility is due to shortness of breath which is the result of nonservice-connected congestive heart failure. The Board notes that shortness of breath is also a symptom of bronchitis and that the Veteran is 100 percent disabled due to service-connected bronchitis. The June 2015 VA medical opinion does not discuss the effects of the service-connected bronchitis on the Veteran's mobility. A new medical opinion that discusses the effects of the Veteran's bronchitis is necessary. 

If the examiner opines that the Veteran's inability of locomotion is due to nonservice-connected disability, such as congestive heart failure, the examiner must explain how he/she is able to determine that the inability is not due to the Veteran's service-connected bronchitis that is rated at 100 percent. 

Accordingly, the case is REMANDED for the following action:

1. Obtain copies of all of the Veteran's VA treatment records, to include VA hospitalization records, dated from July 15, 2015 to present. 

2. When the above records have been obtained, schedule the Veteran for an examination to determine his eligibility for specially adapted housing or a special adapted housing grant. The claim folder must be made available to the examiner prior to the examination. 

In particular, the examiner should determine whether the Veteran's service-connected disabilities cause the loss or loss of use of one lower extremity together with residuals of organic disease or injury which so affect the functions of balance or propulsion as to preclude locomotion without the aid of braces, crutches, canes, or a wheelchair. The examiner should specifically discuss the effects of the Veteran's service-connected bronchitis rated as 100 percent disabling with regards to whether such affects the Veteran's ability to ambulate, and whether the bronchitis alone or in conjunction with other service-connected dsabilities acts to preclude locomotion without the aid of braces, crutches, canes, or a wheelchair. 

The examiner should fully describe the objective findings to support any conclusions and should provide a complete rationale for all opinions expressed.

3. After completing the above, readjudicate the Veteran's claim. If the benefit sought remains on appeal, the Veteran and his representative should be provided a supplemental statement of the case (SSOC). An appropriate period of time should be allowed for response. Thereafter, the case should be returned to the Board for further appellate consideration, if in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

 (CONTINUED ON NEXT PAGE)

 
This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
MICHAEL A. PAPPAS 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).